IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| HOWARD SHAFER | § | |
| v. | § | CIVIL ACTION NO. 6:13cv892 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Howard Shafer, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him during his confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Shafer stated that he was convicted of the disciplinary offense of sexual misconduct when he was accused of masturbating in public in his cell, but in fact he was on the recreation yard at the time. As punishment, he received 30 days of cell, recreation, and commissary restrictions and a temporary suspension of contact visitation privileges, but did not lose any good time. Shafer is serving a life sentence and is not eligible for release on mandatory supervision in any event. Arnold v. Cockrell, 306 F.2d 277, 279 (5th Cir. 2002) (prisoners serving life sentences are not eligible for release on mandatory supervision).

After review of the pleadings, the Magistrate Judge issued a Report recommending that the application for habeas corpus relief be denied. The Magistrate Judge, citing Sandin v. Conner, 115 S.Ct. 2293, 2300-01 (1995) concluded that Shafer failed to show that the punishments imposed upon

him did not implicate any constitutionally protected liberty interests, and so Shafer had shown no basis for habeas corpus relief. Shafer filed objections to the Magistrate Judge's Report on December 23, 2013.

In his objections, Shafer states first that he did not consent to proceed before the Magistrate Judge. Consent of the parties is required only for the Magistrate Judge to preside over a case to its conclusion and enter final judgment. A reference to the Magistrate Judge for preliminary matters, including the entry of a Report recommending disposition of the case, does not require the consent of the parties. Newsome v. EEOC, 301 F.3d 227, 230 (5th Cir. 2002). This objection is without merit.

After arguing the merits of his claim, Shafer contends that the punishments of 30 days of cell, commissary, and recreation restrictions, and the temporary suspension of contact visitation privileges, did place a hardship on ordinary prison life because "all my privileges were taken away that an offender works so hard to keep." He says that his family travels a number of miles to get a contact visit, but they can't because a guard accused him of masturbating. He states that if he could get a court to make TDCJ show their records and recreation yard count sheets, these would tell the whole story.

The question is not whether a hardship was imposed, but whether the hardship was an atypical and significant one in relation to the ordinary incidents of prison life. The Fifth Circuit has specifically held that commissary, cell, and recreation restrictions are not atypical and significant hardships in relation to the ordinary incidents of prison life. Antone v. Preschel, 347 Fed.Appx. 45, 2009 WL 2981899 (5th Cir., September 18, 2009); Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000). Restrictions on contact visits do not implicate a constitutionally protected liberty interest because convicted prisoners have no constitutional right to visitation. Berry v. Brady, 192 F.3d 504, 508 (5th Cir. 1999). In addition, restrictions upon visitation privileges and commissary and recreation privileges are simply "minimal and temporary changes in the conditions of confinement and do not, therefore, implicate the protections afforded by the Due Process Clause." Menchaca v.

Thaler, civil action no. G-10-63, 2010 WL 1484711 (S.D.Tex., April 12, 2010), *citing* Madison v. Parker, 104 F.3d 765, 767-68 (5th Cir. 1997).

The Fifth Circuit has held that in determining whether state action has violated an individual's right to procedural due process, the district court must first address whether or not the state action has deprived the person of a protected life, liberty, or property interest. Augustine v. Doe, 740 F.2d 322, 327 (5th Cir. 1984). In this case, the state action did not deprive Shafer of any protected life, liberty, or property interests because the punishments in the disciplinary case did not infringe upon any such interests. Sandin, 115 S.Ct. at 2300. Shafer's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in the cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 6) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Howard Shafer is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**It is SO ORDERED.**

**SIGNED this 13th day of January, 2014.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE